### GLOVER *v.* LUMPKIN, survivor.

*Lumpkin, J.*—This being a money rule against a bailiff of a county court, upon the trial of which no evidence was introduced, and nothing was adjudicated except that his answer was insufficient to discharge him, he could not by an appeal to the superior court review a judgment of the county court making the rule absolute.    The only question being whether or not the officer was in contempt of the court for a failure to perform his duty, and this being, under the facts set forth in his answer, entirely a question of law, there was no issue for a jury to try, and consequently the proper remedy was by *certiorari.*

*Judgment affirmed.*

June 12, 1896.    By two Justices.    Argued at the last term.

Appeal.    Before Judge Fish.    Sumter superior court. May term, 1895.

In the county court Lumpkin, surviving partner, for the use of Snow, Church & Co., filed his petition for rule against the county court bailiff, for not making the money on an execution placed in his hands, alleged to have been levied on the property of defendant in execution of sufficient value to satisfy the execution, it being alleged that

the bailiff had levied on the property but refused to bring it to sale and make the money. The bailiff answered, admitting that he levied on the property and that it was of sufficient value to pay the *fi. fa.*, but denying that he failed or refused to sell the property. He alleged, that when the property was levied on defendant claimed it and gave bond for the same; that when the case was called for hearing it appeared that the attorney for defendant signed the claim affidavit, and for some inadvertency the affidavit was not properly attested, and the same was either withdrawn or dismissed; that then the defendant filed a claim and gave good and sufficient bond for the forthcoming of the property; and that the claim is now pending in the county court. The rule was made absolute against the constable for $57.01 principal, besides interest and costs. He entered an appeal to the superior court. In that court plaintiff moved to dismiss the appeal, because it was a case that was not appealable to the superior court, and the superior court had no jurisdiction of the case by appeal. The motion was sustained, and the bailiff excepted.

*Fort & Watson* and *L. J. Blalock*, for plaintiff in error.